1  NICOLA T. HANNA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  MONICA L. MILLER (CBN 157695)
   Assistant United States Attorney
6        Federal Building, Suite 7516
         300 North Los Angeles Street
7        Los Angeles, California 90012
         Telephone: (213) 894-4061
8        Facsimile: (213) 894-7819
         E-mail: monica.miller@usdoj.gov
9
   Attorneys for Defendant
10 United States of America

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

SEE SECTION 3, LAST SENTENCE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JALAL DANIAL, an individual, SONIA MUBARAKA, an individual, and CALIFORNIA LIQUOR, a California Proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:18-cv-01417-AFM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Alexander F. MacKinnon<br>United States Magistrate Judge |

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1. Plaintiffs filed this action challenging the decision of the United States Department of Agriculture's Food and Nutrition Service (FNS) to permanently disqualify Plaintiffs from further participation in the food stamp program known as the Supplemental Nutrition Assistance Program (SNAP) based on allegations that Plaintiffs trafficked in food stamps (exchanged food stamp benefits for cash or anything other than eligible food).

2. Defendant possesses or has access to documents contained in the unredacted Administrative Record which may be relevant to the parties' claims or defenses, that contain information protected from disclosure by the Privacy Act of 1974, 5 U.S.C. §552(a) et seq.; the Food Stamp Program and federal regulations promulgated thereunder, 7 U.S.C. §2020(e)(8) and 7 C.F.R. §272.1(c); and/or the law enforcement or official information privilege, including information about non-parties and FNS contractors.

3. The parties submit that the need for disclosure of the unredacted Administrative Record outweighs any potential harm to nonparties, provided that appropriate safeguards are imposed and that the disclosed documents and information are used solely in this litigation.

4. The parties submit that the need for disclosure of the unredacted Administrative Record outweighs any potential harm to nonparties, provided that

appropriate safeguards are imposed and that the disclosed documents and information are used solely in this litigation.

5. This Stipulation permits Defendant to produce the documents and information contained in the unredacted Administrative Record and in response to discovery requests, but does not require production.

### B. GOOD CAUSE STATEMENT

This action is likely to involve proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, or other confidential governmental policies or practices, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling of such material at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be

applied when a party seeks permission from the Court to file material under seal.

///

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include

1 | an explanation of why redaction is not feasible.

///

2. DEFINITIONS

    2.1    Action: this pending federal lawsuit.

    2.2    Challenging Party: a Party or a Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" information of Items: specific information contained in the unredacted Administrative Record or information produced in response to Plaintiffs' written requests for discovery that qualifies for protection.

    2.4    Counsel: counsel of record for either Party (as well as their support staff).

    2.5    Designating Party: items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    Disclosure of Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

    2.9    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

    2.10  Party: any party to this Action, including all of its attorneys, officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel or their Experts that might reveal Protected Material.

The documents and information designated as subject to this Order are to be used solely for the purpose of this litigation and not for any other purpose whatsoever.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material <u>at</u> trial.

4. <u>DURATION</u>

Within 30 days of the termination of this litigation (including any appeal), Plaintiffs' Counsel and Outside Counsel of Record must return to Defendant all originals or duplicates (as defined by Federal Rule of Evidence 1001) of Protected Material, not including documents filed with the Court pursuant to the provisions of paragraph 11 below.

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation of information or items contained in the unredacted Administrative Record or information or documents produced pursuant to Plaintiffs' discovery requests to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of documents that qualify so that other portions of the documents for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form, that the documents shall be designated by stamping "CONFIDENTIAL" on the pages of the document. Other than first and last names, addresses and work phone numbers, personally identifiable information shall be redacted.

(b) for testimony given in depositions that any Party identifies as Protected Material on the record or within the time period agreed upon by the parties to review the transcript containing Protected Material.

(c) for a response to an informal or formal discovery request, if Defendant believes that the response concerns the categories of documents and information subject to this Order, Defendant will designate that response as subject to this Order by

interposing "CONFIDENTIAL" prior to the response.

5.3 (d) <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under this Order until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures compliance with the purpose of this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

7

ordered by the Court or permitted in writing by Defendant, Plaintiffs may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Counsel or Outside Counsel of Record;

(b) Experts (as defined in this Order), provided that they execute the attached Agreement to be Bound by Protective Order;

(c) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or produced the information to the Receiving Party;

(d) witnesses in their depositions and at trial, and their attorneys, on to whom disclosure is reasonably necessary provided: (1) Plaintiff requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(e) any mediator or settlement officer, as long as the documents are not filed and are treated confidentially, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN HIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, then the Party

8

shall:

(1) provide the Non-Party with a reasonably specific description of the information requested; and

(2) submit the information pursuant to the terms of this Order.

///

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the attached "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by a Designating Party, the Designating Party may request that

the document be returned. In the event that such a request is made, all recipients shall promptly return all copies of the document in their possession, custody or control to the Designating Party and shall not retain or make any copies of the document or any documents derived from such document. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

11. <u>MISCELLANEOUS</u>

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or prohibits a Party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege. Nothing in this Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible.

11.3 Disclosure per Privacy Act. Nothing in this Order waives the right of a Party to use, disclose, or disseminate documents or information in accordance with the provisions of the Privacy Act or other statutes, regulations, or policies.

11.4 Lack of Responsibility. The Department of Justice, the United States Attorney's Office, and the United States Department of Agriculture shall bear no responsibility or liability for any disclosure made pursuant to the Protective Order sought herein.

11.5 Filing Protected Material. No Party shall lodge or file documents, pleadings, transcripts, or other materials in this litigation that contain or disclose Protected Material without obtaining Court approval to lodge or file the Protected Material under seal

pursuant to Local Rule 79-5.1. All documents, pleadings, transcripts, or other materials lodged or filed in this litigation (including any appeal) that contain or disclose Protected Material must be submitted under seal. All deposition transcripts that contain or disclose Protected Material must be maintained and subject to the Protective Order even if they are not lodged or filed with the Court.

12. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of the issuance of a dismissal or judgment, Plaintiffs must return all Protected Material to Defendant or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiffs must submit a written certification to Defendant by the 60 day deadline that (1) identifies all the Protected Material that was returned or destroyed and (2) affirms that Plaintiffs have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. If Counsel fails to do so within the timeframe listed in Exhibit A, Defendant may immediately file a notice of noncompliance to obtain from the Court an Order to Show Cause why sanctions should not be imposed.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

VIOLATION

The parties understand that the Court may seek to impose appropriate measure on any Party who violates this Order.

11

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 21, 2018.

AWAD AND AWAD LLP

/s/
AKRAM A. AWAD
Attorneys for Plaintiffs

DATED: December 21, 2018.

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/
MONICA L. MILLER
Attorneys for Defendant
United States of America

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 12/21/2018.

ALEXANDER F. MACKINNON
United States Magistrate Judge